WENTWORTH, Judge.
The appellant employer asserts absence of competent substantial evidence to support a May 21,1981, workers’ compensation order (1) determining that maximum medical improvement occurred on July 2, 1979, (2) awarding 20% permanent partial disability compensation based on diminution of wage earning capacity, and (3) awarding fees and costs. We affirm.
The claimant Sharp was injured in December 1978 when she slipped in a puddle and fell while working as an operating room technician, in which employment she had been engaged about 15 years. She was paid temporary disability compensation for periods ending May 24, 1979. Appellant then denied permanent disability compensation, and her claim was heard on April 21, 1980.
The argument that maximum medical improvement occurred earlier than July 2, 1979, relates only to the award of temporary disability compensation for five and a half weeks beyond the time when it was voluntarily paid, up to May 24. Claimant had been released by her treating physician to attempt a return to work during this time, and she had unsuccessfully attempted nursing duties on one occasion. She was also, according to reports in evidence, continued on medication and traction on her final visit of April 17, 1979, and was later referred for orthopedic consultation for continued pain. The date fixed by the deputy for termination of temporary disability, July 2, 1979, was the date on which that consultant examined her and reported that he “would recommend continued conservative treatment.” The deputy’s rejection of an earlier maximum medical improvement date is supported by that evidence, together with her, physician’s testimony, by deposition on May 24, 1979, that he expected her *1078 symptomatic condition would improve further so “it will get to where this is manageable from her standpoint.”
Although the evidence and findings are marginal in support of the award for earning capacity loss, we conclude that the order can be affirmed on this issue also based on its “finding from the testimony of the claimant and the testimony of Dr. Freeman and Dr. Mann.” The latter, physician had knowledge of her condition prior to the accident, and the treating physician acknowledged that her residual from the com-pensable injury was the last “cog on the gear wheel” in her neck joint condition. As to her physical ability to do her former nursing work he stated he “would qualify that as I have here that from time to time she may be very uncomfortable doing that.” He gave a qualified opinion that she had no objective indication of anatomic dysfunction, but as to specific restrictions on her physical activity he responded she should “avoid doing activities that . . . make the neck be more sore and . . . lifting with the arms and shoulders are one of the key things. . . . ” He acknowledged that operating room technicians do have to lift fairly heavy instrument loads and as to her pain from such activity he said:
I was concerned that this was probably very true because this is the type of thing that usually will aggravate a neck problem of her type, but as far as being disabled, I think it is a matter of pain tolerance. If she could grit her teeth and suffer whatever pain she gets from doing that — she wasn’t disabled to do that.
The medical evidence as a whole was thus consistent with claimant’s testimony as to continued marked difficulty in physical activity, and as to causal connection between the accident and that limitation, we conclude that the record adequately indicates the existence of some physical impairment as a necessary predicate for the award of compensation for permanent partial disability based on 20% diminution of wage earning capacity under the statute applicable to this 1978 accident.
We note also a lack of precision, to say the least, in evidence bearing on the measurement of the degree of claimant’s loss of earning capacity. Such issues, however, are within the deputy’s area of special competence as factfinder, and necessarily involve factors unique to claimant’s employment history and general credibility. We accordingly decline to second guess his assessment on that point.
The order is therefore affirmed.
ROBERT P. SMITH, Jr., C.J., and MILLS, J., concur.